Marcie E. Schaap #4660
Attorney at Law, P.C.
1042 Ft. Union Blvd. #1106
Salt Lake City, Utah 84047
Telephone:   (801) 201-1642
E-mail:   marcie@marcieeschaap.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| J.E., | |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MUTUAL OF OMAHA INSURANCE COMPANY, and MUTUAL OF OMAHA INSURANCE COMPANY BENEFIT PLAN, | Case No. 2:22-cv-00653-HCN |
| | Judge:  Howard C. Nielson, Jr. |
| Defendants. | |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, J.E., is a resident of the State of Utah.

2. IHC Health Services, Inc. ("Intermountain"), operates several hospitals in the Intermountain Area, including INTERMOUNTAIN MEDICAL CENTER ("IMC" or the "Hospital"), in Salt Lake City, Utah.

3. MUTUAL OF OMAHA INSURANCE COMPANY ("Mutual of Omaha" herein) is a foreign corporation.

4. Mutual of Omaha provided an employee benefit plan, the Mutual of Omaha Benefit Plan (the "Plan") for its employees and their beneficiaries.

5. Mutual of Omaha and the Plan shall be jointly referred to herein as the "Defendants."

6. Defendants contracted with Aetna to act as claims administrator of the Plan.

7. Aetna was, at all relevant times herein, an agent of Defendants.

8. J.E. designated Intermountain as his authorized member representative for all relevant claims herein.

9. J.E. received medical treatment from Intermountain on May 31, 2019 ("Dates of Service" herein).

10. This is an action brought by the Plaintiff to collect amounts owed for unpaid medical bills resulting from health care services provided for which the Defendants agreed to pay but refused to pay once claims were submitted.

11. This is an action brought under ERISA. This Court has jurisdiction of this case under 29 U.S.C. §1132(e)(1). Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendants in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah. Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

12. The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for interest and attorneys' fees under 29 U.S.C. §1132(g), for statutory penalties under 29 U.S.C. §1132(c)(1), and for other appropriate equitable relief under 29 U.S.C. §1132(a)(3).

## FACTUAL BACKGROUND

### A. Medical Treatment

13. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

14. The billed charges for J.E.'s claim totaled $30,898.71.

15. The Defendants have paid only $8,779.88 for this claim (approximately 28.4% of Billed Charges).

16. A balance of $22,118.83 is still due to the Plaintiff by the Defendants for the medical treatment.

### B. Claims and Claim Processing

17. The Hospital submitted its claims in a timely manner to the Defendants and/or their agents for J.E.'s treatment.

18. The Defendants and/or their agents denied the majority of the claims by contending that the treatment exceeded usual, customary, and reasonable charges.

19. All care rendered to J.E. was medically necessary.

20. The Plaintiff submitted timely appeals to the Defendants and/or their agents.

21. The Plaintiff attempted to contact the Defendants and/or their agents on many occasions to appeal the denial of this claim, but the Plaintiff's attempts were futile.

22. The Plaintiff has also attempted to communicate with the Defendants on many occasions by phone as set forth in the electronic and written records kept by the Plaintiff of the communications it has had with the Defendants and/or their agents during the claim and appeal processes.

23. A copy of the Plaintiff's communication records were sent to the Defendants prior to this litigation being filed.

24. The Defendants have not paid the outstanding balance due to the Plaintiff for the treatment the Hospital rendered to J.E.

25. A balance of $22,118.83, plus interest, remains due to the Plaintiff from the Defendants for the treatment the Hospital rendered to J.E.

## FIRST CAUSE OF ACTION
(Recovery of Plan Benefits Under 29 U.S.C. §1132(a)(1)(B))

26. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully stated herein.

27. The Plaintiff has submitted all proof necessary to the Defendants to support its claims for payment.

28. The Defendants have failed to provide evidence to the Plaintiff to support their basis for denial.

29. The Defendants have not fully reviewed or investigated all information sent to it by the Plaintiff and/or the Hospital, or available to it, which has caused the Defendants to deny a large portion of this claim.

30. The Defendants have failed to bear their burden of proof that an exclusion or requirement in the Plan Document supports their denial of a large portion of the claim for J.E.'s treatment.

31. The Defendants failed to offer the Plaintiff a "full and fair review" as required by ERISA.

32. The Defendants failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. MetLife v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

33. The actions of the Defendants and/or their agents, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

34. The actions of the Defendants and/or their agents have caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

35. The Defendants are responsible to pay the balance of the claim for J.E.'s medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

//

**SECOND CAUSE OF ACTION**
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

36. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

37. Defendants have breached their fiduciary duties under ERISA in the following ways:

   A. Defendants have failed to discharge their duties with respect to the Plan:

      1. Solely in the interest of the participants and beneficiaries of the Plan and

      2. For the exclusive purpose of:

          a. Providing benefits to participants and their beneficiaries; and

          b. Defraying reasonable expenses of administering the Plan.

      3. With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

      4. By failing to fully investigate the Plaintiff's claims.

      5. By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

      6. And in other ways to be determined as additional facts are discovered.

38. The actions of the Defendants in breaching its fiduciary duties under ERISA have caused damage to the Plaintiff in the form of denied medical benefits.

39. In addition, as a consequence of the breach of fiduciary duties of the Defendants, the Plaintiff has been required to obtain legal counsel and file this action.

40. Pursuant to ERISA and to the U.S. Supreme Court's ruling in <u>CIGNA Corp. v. Amara</u>, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

41. Therefore, the Plaintiff is entitled to payment of the medical expenses incurred, as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $22,118.83 for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2. For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3)), for breach of fiduciary duty and equitable damages in the form of unpaid medical benefits in the amount of $22,118.83, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 10th day of October, 2022.

MARCIE E. SCHAAP, ATTORNEY AT LAW

By: /s/ Marcie E. Schaap
Attorney for Plaintiff